UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK WILSON,<br><br>                     Plaintiff,<br><br>  v.<br><br>CUSTER COUNTY, IDAHO, et al.,<br><br>                     Defendants. | Case No. 1:24-cv-00100-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Mark Wilson is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (*See Initial Review Order*, Dkt. 7).

Plaintiff has now filed an Amended Complaint. (Dkt. 8). The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court dismisses this case without prejudice under 28 U.S.C. §§ 1915 and 1915A.

**1.    Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. (*Am. Compl*. at 4-5). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL, at *2 (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

**2.      Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3.   **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff alleges that he was not provided with the effective assistance of counsel in his state criminal trial. In the Initial Review Order, the Court explained that the claims in the complaint appeared subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]f a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

(Dkt. 7 at 4) (quoting *Heck*, 512 U.S. at 487). Noting that success on Plaintiff's claims would imply the invalidity of his criminal conviction, the Court instructed Plaintiff to "explain the status of his state court conviction and explain how the criminal trial of which he complains relates to his

current incarceration." (Dkt. 7 at 4). The Court warned Plaintiff that, if he "was convicted in the criminal proceedings he challenges, and if that conviction has not been invalidated, his claims will be subject to dismissal without prejudice under *Heck*." (Dkt. 7 at 4).

The Amended Complaint fails to establish that Plaintiff's conviction has been reversed, expunged, or otherwise invalidated as required by *Heck*. (*See generally* Dkt. 8). Accordingly, the Court must dismiss this case without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (holding that a dismissal under *Heck* must be without prejudice so that, if the conviction is later invalidated, the plaintiff can reassert those claims).

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 9) is **GRANTED**.

2. The claims in the Amended Complaint are subject to dismissal under *Heck v. Humphrey*. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: November 13, 2024

Amanda K. Brailsford
U.S. District Court Judge